United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF ASPHALT SURFACING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AHTNA DESIGN-BUILD, INC., et al.,<br><br>Defendants. | Case No. 21-cv-08572-SVK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY**<br><br>Re: Dkt. No. 17 |

Defendant Ahtna Design-Build, Inc. ("ADB") is the prime contractor on a contract with the U.S. Army Mission Installation Contracting Command – Fort McCoy (the "Prime Contract") concerning the maintenance of asphalt roads located at Fort Hunter Liggett, which is located in this District. Dkt. 1 (Complaint) ¶ 7. ADB engaged Plaintiff Asphalt Surfacing, Inc. ("ASI") as a subcontractor on the project. *Id.* ¶ 8; *see also* Dkt. 17-2 (the "Subcontract"). The Subcontract contains a forum selection clause stating that "any misunderstandings or disputes arising from [the Subcontract] shall be resolved by a court of competent jurisdiction" located in Anchorage, Alaska. Dkt. 17-2 ¶ 14.

On October 14, 2021, ADB filed a lawsuit against ASI and its surety, United Fire & Casualty Company, in the United States District Court for the District of Alaska, alleging that ASI breached its obligations under the Subcontract (the "Alaska Action"). Dkt. 17-3. On November 3, 2021, ASI filed this action against ADB and its surety, Great American Insurance Group, alleging that ADB breached the Subcontract by, among other things, terminating ASI's performance. Dkt. 1 (Complaint).

Now before the Court is ADB's motion to dismiss, transfer, or stay this action, which ASI opposes. Dkt. 17 (Motion); Dkt. 20 (Opp.); Dkt. 21 (Reply). All parties have consented to the

1  jurisdiction of a magistrate judge. Dkt. 7, 14. This matter is suitable for determination without
2  oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the Court **STAYS** this action under
3  the first-to-file rule.

### I. LEGAL STANDARD

ADB moves to dismiss, transfer, or stay this case pursuant to the "first-to-file" rule on the grounds that the Alaska Action involves substantially similar parties and issues and was filed before this action. Motion at 1. ADB states that "[t]he instant motion is not made pursuant to Federal Rule of Civil Procedure 12(b) or 28 U.S.C. § 1404." Reply at 1.

Under the first-to-file rule, a district court has discretion to dismiss, transfer, or stay proceedings if a similar case with substantially similar issues and parties was previously flied in another district court. *Kohn Law Group, Inc. v Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Group*, 787 F.3d at 1239 (internal quotation marks and citations omitted). When evaluating the first-to-file rule, "courts should be driven to maximize economy, constituency, and comity" and may apply the rule "when a complaint involving the same parties and issues has already been filed in another court." *Id.* at 1239-40 (internal quotation marks and citation omitted). "Thus, in applying the first-to-file rule, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240 (citation omitted).

### II. DISCUSSION

#### A. First-to-File Rule Factors

It is undisputed that the Alaska Action was filed before this action. *See* Dkt. 1 (complaint in this action dated November 3, 2021); Dkt. 17-3 (complaint in Alaska Action dated October 14, 2021).

The Parties also do not dispute that this action involves substantially similar parties and issues as the Alaska Action. *See* Motion at 1; Opp. at 5-6. The first-to-file rule does not require exact identity of parties or issues. *Kohn Law Group,* 787 F.3d at 1240. Here, although different

sureties are named as defendants in each action, ASI and ADB are parties in both actions. Dkt. 1; Dkt. 17-3. The issues raised in each action are also substantially similar. In the Alaska Action, ADB alleges that ASI breached the Subcontract. Dkt. 17-3. According to ASI, in the Alaska Action it "disputed ADB's allegations and asserted that it performed its obligations under the Subcontract and that ADB failed to fulfill its obligations under the Subcontract." Opp. at 6; *see also* Dkt. 17-4. ASI also states that in the Alaska Action, it "further asserted counterclaims against ADB for breach of express and implied contract." Opp. at 6; Dkt. 17-4. Similarly, this case involves claims by ASI for breach of the Subcontract, as well as a claim for Violation of the Miller Act, against ADB and its surety, Great American Insurance Group. Opp. at 6; Dkt. 1 (Complaint). Indeed, portions of the Complaint in this case regarding ADB's alleged breaches and alleged damages to ASI are identical to portions of ASI's counterclaim in the Alaska Action. *Compare* Dkt. 1 ¶¶ 10-11 *and* Dkt. 17-4 ¶¶ 5-6.

Accordingly, the Alaska Action is the first-filed action and involves substantially similar parties and issues as this action.

### B. Effect of Miller Act Venue Provision

Although, as discussed above, the factors that typically support application of the first-to-file rule are largely undisputed in this case, ASI argues that the Subcontract's forum selection clause pursuant to which the Alaska Action was brought is overridden by the venue provision of the Miller Act. Opp. at 6-9.

Congress enacted the Miller Act to protect persons who supply labor and materials for the construction of federal buildings and public works by requiring the prime contractor to furnish payment and performance bonds. *See* 40 U.S.C. § 3131 *et seq.*; *see also United States ex rel. B&D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995), *cert. denied*, 517 U.S. 1167 (1996). The venue provision of the Miller Act requires that claims under the Act be brought "in the United States District Court for any district in which the contract was to be performed and executed …" 40 U.S.C. § 3133(b)(3). ASI argues that under this statutory venue provision, the Parties' litigation under the Subcontract must be brought in this District, where that contract was to be performed. Opp. at 7

Although the Ninth Circuit has not considered this question, another court in this District concluded that a valid forum selection clause supersedes the Miller Act's venue provision. *Harold E. Nutter and Son Inc. v. Tetra Tech Tesoro Inc.*, No. 14-cv-02060-JCS, 2014 WL 4922525, at *3 (N.D. Cal. July 28, 2014). Other district courts in the Ninth Circuit and multiple other circuit courts have reached the same conclusion. *See, e.g., U.S. ex rel Purcell P&C, LLC v. TolTest Inc.*, No. C12-5234 BHS, 2012 WL 2871787, at *8-9 (W.D. Wash. July 12, 2012); *see also B&D Mech. Contractors, Inc.,* 70 F.3d at 1117 and cases cited therein. "Influencing these courts' decisions is dicta from the Supreme Court which states that [the Miller Act's venue provision] 'is merely a venue requirement'" because "[u]nder conventional venue statutes, venue provisions have long been subject to contractual waiver through a valid forum selection agreement." *Harold E. Nutter and Son,* 2014 WL 4922525, at *3 (citing *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 124-26 (1974) and *United States ex. Rel. Pittsburgh Tank & Tower v. G & C Enter.,* 63 F.3d 35, 36-37 (1st Cir. 1995)). The Court finds the reasoning of *Harold E. Nutter and Son Inc.* and other cases referenced above persuasive.

ASI argues that the forum selection clause in the Subcontract is invalid and unenforceable. Opp. at 10-11. "[A] forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause 'clearly show[s] that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). According to ASI, the chosen forum, Alaska, "has no significant relationship to the dispute" other than the fact that "it is the home to Ahtna, Inc., whose subsidiary owns ADB—which is located wholly within California." Opp. at 10.[1] ASI also states that the Subcontract was executed in California for performance in California, and all evidence and witnesses are located in California. *Id.* ASI also argues that even if the forum selection clause in the Subcontract is valid, it is permissive and not mandatory. Opp. at 11-12. These arguments do not meet the high burden ASI is required to satisfy to show that the forum selection clause is

---

[1] However, in the Complaint in this case, ASI alleges that ADB is "a corporation organized and existing under the laws of the State of Alaska." Dkt. 1 ¶ 4. In the present motion, ADB states that it is "headquartered in Alaska, with offices in California." Motion at 3.

invalid or unenforceable. Moreover, ASI cites no authority establishing that the possible non-mandatory nature of a forum selection clause affects the analysis of whether the Miller Act's venue provision controls.

Therefore, the Court holds that the forum selection clause in the Parties' Subcontract overrides the Miller Act's venue provision and that the first-to-file rule applies.

This leaves the question of whether the Court should dismiss, stay, or transfer this action to the Alaska district court. The Ninth Circuit has held that the first-to-file rule allows a court to transfer, stay, or dismiss a later-filed suit in deference to an earlier-filed suit. *Alltrade*, 946 F.2d at 623. "Dismissal is proper where the court of first filing provides adequate remedies." *Molander v. Google,* 473 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020). "Where the first-to-file rule applies, dismissal is proper in most cases, except where a motion for dismissal or transfer is pending in the court of first filing." *Vimo, Inc. v. Norvax Corp.,* No. C-07-01897 RMW, 2007 WL 9812883, at *3 (N.D. Cal. June 22, 2007); *see also Molander*, 473 F. Supp. 3d at 1020 ("If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, or if that court is preparing to transfer its matter to the court of second filing, then the court of second filing should consider a stay"). Here, the Court concludes that a stay is appropriate. The deadline for filing motions as to venue or jurisdiction in the Alaska district court has not yet passed, and there is not an exact identity of the parties in the two cases.[2]

### III. CONCLUSION

For the reasons discussed above, this case is **STAYED** under the first-to-file rule in light of the earlier-filed Alaska Action. The Parties must file a joint status report by **July 26, 2022.**

**SO ORDERED.**

Dated: January 26, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

---

[2] The Parties do not address the possible consequences of the fact that the parties in each action are not identical because different sureties are named in this case and the Alaska Action.