ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Anthony P. Niccoli          State Bar No. 219118
    ANiccoli@aalrr.com
Michael J. Davis            State Bar No. 299196
    MDavis@aalrr.com
5075 Hopyard Road, Suite 210
Pleasanton, California 94588-3361
Telephone: (925) 227-9200
Fax: (925) 227-9202

Attorneys for Use Plaintiff ASPHALT SURFACING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF ASPHALT SURFACING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AHTNA DESIGN-BUILD, INC., an Alaska corporation; GREAT AMERICAN INSURANCE GROUP, an Ohio corporation, Bond No. 3348912,<br><br>Defendants. | Case No.   5:21-cv-08572-SVK<br><br>**JOINT BRIEF AND STIPULATION TO TRANSFER VENUE**; ORDER GRANTING STIPULATION<br><br>Complaint Filed:   November 4, 2021 |

Pursuant to the Court's September 13, 2022 Order (Docket # 29), the parties to the above-entitled action jointly submit this JOINT BRIEF AND STIPULATION TO TRANSFER VENUE.

## I. Introduction

On September 6, 2022 in the related action pending in the United District Court in Alaska under ECF No. 3:21-CV-00228-JMK, the District Court denied Defendants Asphalt Surfacing, Inc. ("ASI") and United Fire & Casualty Company Bond No. 54-197210's Motion to Dismiss or Transfer for Lack of Personal Jurisdiction, and held that the action shall remain in the District of Alaska. (See ECF No. 3:21-CV-00228-JMK Docket # 30).

On September 13, 2022, this Court ordered that the parties submit a joint dismissal or joint

brief addressing whether the matter should be dismissed or the stay should remain in place. (Docket # 29).

The parties have met and conferred regarding the disposition of this matter and have agreed that transfer to the District Court in Alaska is appropriate. Accordingly, the parties jointly stipulate to transfer this matter to the Alaska District Court pursuant to 28 U.S.C. § 1404(a).

## II. Transfer is Appropriate and Proper

The Court has the power to transfer this matter to the Alaska District Court and the parties are in agreement that the matter should transfer. Such a transfer would be for the convenience of the parties and witnesses and in the interests of justice.

### A. This Court has the Power to Transfer the Action

Section 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404. One of the initial questions before this Court was whether the Miller Act's venue provision at 40 U.S.C. § 3133(b)(3) was jurisdictional or a venue requirement subject to the parties' forum selection clause. This Court found that the venue provision is a venue requirement that was overridden by the forum selection clause in Parties' Subcontract. (Docket # 24).

As this Court has found that the forum selection clause is valid, Alaska is a proper venue for disputes between the parties. The District Court in Alaska has subject matter jurisdiction over this dispute, as evidenced by Judge Kindred's ruling in ECF No. 3:21-CV-00228-JMK Docket # 29 (Attached hereto as Attachment #1). Accordingly, the Miller Act claim might have been brought in the Alaska District Court and this Court has the power to transfer this matter to the Alaska District Court.

### B. Convenience of the Parties and Witnesses Supports Transfer

Discovery is currently underway between ASI and Ahtna Design-Build ("ADB") in ECF No. 3:21-CV-00228-JMK, which involves substantially similar facts and circumstances as the above-captioned matter. The only difference is that the instant action includes the Miller Act claim and, as a result, Great American Insurance Group ("Great American") as a named defendant.

Great American's interest in this matter is substantially the same, as they provided the Miller Act bond to Ahtna Design-Build ("ADB") for the federal public works project at issue and maintain their obligations under the bond, regardless of where the action is maintained.

Transferring this action to Alaska would bring the entire dispute into one District Court for case management through ultimate disposition. Accordingly, transfer is appropriate for the convenience of the parties and witnesses.

## C. Transfer is in the Interests of Justice

ASI brought its timely Miller Act claim in the Northern District of California in good faith and to comply with the statutory venue requirement set forth at 40 U.S.C. § 3133(b)(3). Miller Act claims "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133. Miller Act plaintiffs "may prosecute the action to final execution and judgment for the amount due." 40 U.S.C. § 3133. If this action were dismissed instead of transferred, ASI would be deprived of its right to prosecute its claim to its ultimate disposition as it would not be able to timely assert its Miller Act claim in the District Court in Alaska. ASI and ADB do not dispute that the District Court in Alaska has personal jurisdiction over the Miller Act claim, and do not dispute the suitability of the District Court in Alaska for venue of that claim.

As has been previously briefed, the Miller Act "represents a congressional effort to protect persons supplying labor and material for the construction of federal public [works] in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal [works]." *U.S. for Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1205 (9th Cir. 2002) (citing *Mai Steel Serv. Inc. v. Blake Constr. Co.*, 981 F.2d 414, 416–17 (9th Cir.1992)). Because the Miller Act is "highly remedial in nature ... [i]t is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *Weststar Eng'g, Inc.*, *supra*, 290 F.3d at 1205 (quoting *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216 (1957)).

Transfer of this action is in the interest of justice and would be consistent with Congress' intent in enacting the Miller Act.

- 3 -

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5075 HOPYARD ROAD, SUITE 210
PLEASANTON, CALIFORNIA 94588-3361
TELEPHONE: (925) 227-9200
FAX: (925) 227-9202

### III. Conclusion & Stipulation

Accordingly, counsel for the parties hereby agree and stipulate as follows:

1. That the above-captioned action shall be transferred to the United States District Court, District of Alaska at Anchorage;

2. That the Clerk of this Court shall send their file and other materials relating to this matter to the Clerk of the United States District Court, District of Alaska at Anchorage, upon the Court's signing of the order herein.

Dated: 10/3/2022

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Michael J. Davis
Attorneys for Use Plaintiff ASPHALT SURFACING, INC.

Dated: 10/3/2022

BERLINER COHEN

By: _____
Michael Cheng
Attorneys for Defendants AHTNA DESIGN-BUILD, INC. and GREAT AMERICAN INSURANCE GROUP

### [Proposed] ORDER

Because a change in venue would be for the convenience of the parties and in the interest of justice, venue is proper in Alaska, and the parties have so consented, the Parties' Joint Stipulation to Transfer Venue is hereby granted and this case is hereby transferred to the United States District Court, District of Alaska at Anchorage.

_____
Hon. SUSAN VAN KEULEN
United States Magistrate Judge